## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## NORTHERN DIVISION

MARILYN D. EMMONS                                                    PLAINTIFF

V.                                  No. 3:20-CV-368-JTR

KILOLO KIJAKAZI, Commissioner
Social Security Administration[1]                                    DEFENDANT

### ORDER

### I.  Introduction

Plaintiff, Marilyn Emmons, applied for disability benefits, alleging disability

beginning on February 26, 2018. (Tr. at 10). After conducting a hearing, the

Administrative Law Judge ("ALJ") denied her application on April 9, 2020. (Tr. at

24). The Appeals Council denied Emmons's request for review (Tr. at 1), making

the ALJ's denial of Emmons's application for benefits the final decision of the

Commissioner.

Emmons filed this case seeking judicial review of the decision denying her

benefits. For the reasons stated below, the Court[2] affirms the ALJ's decision.

---

[1] On July 9, 2021, Kilolo Kijakazi became the Acting Commissioner of the Social Security Administration and is substituted as the Defendant in this action. Fed. R. Civ. P. 25(d).

[2] The parties have consented in writing to the jurisdiction of a United States Magistrate Judge. *Doc. 4.*

## II. The Commissioner's Decision

The ALJ found that Emmons did not engage in substantial gainful activity during the period from her alleged onset date of February 26, 2018 through her last insured date of June 30, 2018. (Tr. at 12). At Step Two of the five-step analysis, the ALJ found that Emmons had the following severe impairments: degenerative disc disease of the cervical and lumbar spines, osteoarthritis, anxiety with agoraphobia, eating disorder, depression, and somatoform disorder. *Id.*

After finding that Emmons's impairments did not meet or equal a listed impairment (Tr. at 14), the ALJ determined that Emmons had the ability to perform work at the light exertional level, except that: (1) she could never climb ladders, ropes, or scaffolds; (2) she could occasionally climb ramps and stairs, stoop, kneel, crouch, and crawl; (3) she could occasionally reach overhead bilaterally; (4) she would need to avoid concentrated exposure to unprotected heights, use of hazardous machinery, and excessive vibration; (5) she would be limited to simple and routine tasks with simple work-related decision-making; (6) she would be limited to supervision that was simple, direct, and concrete; and (7) she would be limited to occasional and superficial interaction with supervisors, co-workers, and the public (Tr. at 16).

The ALJ determined that Emmons could not perform her past relevant work as a day worker, cafeteria counter attendant, and bindery worker. (Tr. at 22–23).

Relying upon Vocational Expert ("VE") testimony, the ALJ found that, based on Emmons's age, education, work experience, and residual functional capacity ("RFC"), jobs existed in significant numbers in the national economy that she could perform, including positions as motel cleaner and electrical assembler. (Tr. at 24). Thus, the ALJ concluded that Emmons was not disabled. *Id.*

### III. Discussion

A.  Standard of Review

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); *see also* 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable mind might accept as adequate to support a conclusion, "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

> "[O]ur review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly detracts from that decision." Reversal is not warranted, however, "merely because substantial evidence would have supported an opposite decision."

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005) (citations omitted).

The United States Supreme Court recently held that "whatever the meaning of 'substantial' is in other contexts, the threshold for such evidentiary sufficiency [in Social Security Disability cases] is not high. Substantial evidence…is more than a

mere scintilla. It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence in the record as a whole which supports the decision of the ALJ. *Miller*, 784 F.3d at 477.

B.  Emmons's Argument on Appeal

Emmons contends that substantial evidence does not support the ALJ's decision to deny benefits. Her sole argument on appeal is that the ALJ failed to sufficiently address an apparent conflict between the VE's hearing testimony and the *Dictionary of Occupational Titles* ("DOT") regarding the overhead reaching limitation in her RFC. After reviewing the record as a whole, the Court concludes that the ALJ did not err in denying benefits.

Disability claims are evaluated using a five-step evaluation process. *See Crawford v. Colvin*, 809 F.3d 404 (8th Cir. 2015). At Step Five, the Commissioner is required to show that the claimant is capable of performing other types of work available in the national economy. *Id.* at 409. The ALJ may meet this burden by eliciting testimony from a VE that is "based on a properly phrased hypothetical

4

question that captures the concrete consequences of a claimant's deficiencies."

*Porch v. Chater*, 115 F.3d 567, 572 (8th Cir. 1997). Before an ALJ can rely on this

testimony as substantial evidence, however, the ALJ must affirmatively ask the VE

about any possible conflicts between the testimony and the information contained in

the DOT. *Moore v. Colvin*, 769 F.3d 987, 989 (8th Cir. 2014). If there are any

apparent conflicts, the VE must "offer an explanation for any inconsistencies

between [his or her] testimony and the DOT, which the ALJ may accept as

reasonable after evaluation." *Id.* at 990. Absent adequate rebuttal, the ALJ cannot

rely on VE testimony that conflicts with the DOT to support a conclusion that the

claimant can perform other work. *Id.*

In this case, the hypothetical that the ALJ posed to the VE at the hearing

contained a limitation to occasional overhead reaching—a limitation that was

ultimately reflected in Emmons's RFC. In response to the ALJ's hypothetical, the

VE testified that someone with this limitation could perform work as a motel cleaner

or as an electrical assembler. (Tr. at 71). The parties agree that the DOT describes

both of these jobs as requiring frequent reaching, which would appear to exceed

Emmons's RFC limiting her to occasional bilateral overhead reaching.[3] Thus, an

apparent conflict exists between the VE's testimony and the DOT that the ALJ was

---

[3] The DOT does not specify the *direction* of reaching for either type of work. *See Moore*, 769 F.3d at 989.

required to address. *See, e.g.*, *Rollins v. Kijakazi*, No. 3:20-CV-239-PSH, 2021 WL 3891060, at *3 (E.D. Ark. Aug. 31, 2021).

In light of this apparent conflict, the ALJ pressed the VE for further information:

> ALJ: "As a far as your testimony, consistent with the DOT and where the DOT is silenced such as failing to specifically address the overhead reaching limitation, that is based on your training, education, and experience in the field."
>
> VE: "Yes, sir, that is exactly right."
>
> ALJ: "You've dealt with employee and employers where that limitation has been present."
>
> VE: "Yes."

(Tr. at 71–72). In his decision, the ALJ wrote:

> Pursuant to SSR 00-4p, I have determined that the vocational expert's testimony is consistent with the information contained in the <u>DOT</u> except that the vocational expert persuasively relied upon his professional training, education, and experience to determine the impact of limitations not specifically included in the <u>DOT,</u> such as the restriction on overhead reaching.

(Tr. at 24).

Emmons challenges the adequacy of the VE's explanation for the conflict, describing the testimony as impermissibly vague and thus insufficient to support the ALJ's conclusion at Step Five.

The overhead reaching conflict at issue here has been addressed in numerous decisions in this Circuit, yielding somewhat confusing results.[4] As a general rule, the more specific the VE's testimony is, the more favorably it is viewed. *Gates v. Kijakazi*, No. 3:20-CV-269-PSH, 2021 WL 5935466, at \*7 (E.D. Ark. Dec. 15, 2021). For instance, a VE's reliance on his "experience" alone is not enough to resolve the conflict. *Alberda v. Comm'r*, No. 3:20-CV-283-JTK, 2021 WL 4239500, at \*3 (E.D. Ark. Sept. 17, 2021). On the other hand, a VE's statement that his testimony was based on his "experience and judgment about the job requirements" was found to be adequate. *Jones-Brinkley v. Comm'r*, No. 3:20-CV-58-JTK, 2021 WL 371689, at \*2 (E.D. Ark. Feb. 3, 2021).

The Court need not reconcile these prior decisions, however, because they have directed the Court to a straightforward result in this case. Here, the "reaching" exchange between the ALJ and the VE, as well as the ALJ's written resolution of the conflict, are materially indistinguishable from those already considered in *Watson v. Kijakazi*, No. 2:20-CV-170-PSH, 2021 WL 3620295, at \*3 (E.D. Ark. Aug. 16, 2021). In *Watson*, the court ultimately found in the Commissioner's favor, explaining:

> The ALJ did not rest his decision on [the VE's] unexplained training, education, and experience. Instead, the ALJ specifically inquired if [the

---

[4] *See Bass v. Saul*, No. 3:20-CV-167-BD, 2021 WL 1813181, at \*3 (E.D. Ark. May 6, 2021) ("There are a number of cases involving reaching conflicts in this Circuit, and the decisions are not all aligned.").

VE] had personal experience with employees and employers dealing with the overhead reaching restriction. Thus, the ALJ recognized the conflict, asked [the VE] about the basis for his testimony on the conflict, followed up with an additional inquiry about [the VE's] personal experiences, and then addressed the apparent conflict in his written decision. The testimony obtained from [the VE] adequately addressed the conflict, and the ALJ met his burden at Step Five of the sequential evaluation.

2021 WL 3620295, at *4. The Court finds this reasoning persuasive and sees no reason in this case to deviate from the example set by *Watson*. The Court thus finds that the ALJ adequately resolved the apparent conflict between the VE's testimony and the DOT.

Because Emmons has not asserted any other arguments on appeal, the Court finds that substantial evidence supports the Commissioner's decision to deny benefits.

## IV. Conclusion

For the reasons stated above, the Court concludes that the ALJ applied proper legal standards and that substantial evidence on the record as a whole supports the ALJ's decision. The finding that Emmons was not disabled within the meaning of the Social Security Act is hereby AFFIRMED. Judgment will be entered for the Defendant.

IT IS SO ORDERED this 6th day of January, 2022.

_____
UNITED STATES MAGISTRATE JUDGE